**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2101
_____

RICKY ALLEN SISCO,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00671)
Magistrate Judge: Honorable Karoline Mehalchick
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
December 8, 2020
_____

Before: MCKEE, PORTER, and FISHER,
*Circuit Judges*.

(Filed: December 22, 2020)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

PORTER, *Circuit Judge*.

On June 26, 2017, Ricky Allen Sisco applied for disability insurance benefits under Title II of the Social Security Act. After his claim was initially denied, Sisco requested a hearing, which took place before an Administrative Law Judge ("ALJ") of the Social Security Administration ("SSA") on August 31, 2018. Following the hearing, the ALJ determined that Sisco was not disabled during the relevant period and denied his application for benefits. Sisco requested further review by the Appeals Council—an administrative appellate body—but the Council upheld the ALJ's decision.

The following month, Sisco sued the Commissioner of Social Security in the District Court for the Middle District of Pennsylvania, seeking to overturn the agency's adverse decision. The District Court[1] rejected Sisco's challenges to the agency's denial of benefits and entered judgment in favor of the Commissioner. Sisco appeals from that judgment. Like the District Court, we are unpersuaded by Sisco's arguments, so we will affirm the judgment under review.[2]

## I

To receive benefits under Title II, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

---

[1] The parties consented to proceed before Magistrate Judge Mehalchick.
[2] The District Court had subject-matter jurisdiction under 42 U.S.C. § 405(g). We have appellate jurisdiction under 28 U.S.C. § 1291.

2

U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. A claimant must also be insured for disability insurance benefits to receive those benefits. 42 U.S.C. § 423(a)(1)(A); 20 C.F.R. § 404.131 (2015).

Sisco claimed a disability beginning June 1, 1999, due to traumatic brain injury, chronic obstructive lung disease, diabetes, sleep apnea, degenerative arthritis, inactive Hepatitis C, back pain, hypothyroidism, hearing loss, and alcohol dependence. He was last insured on September 30, 2001, so the ALJ considered whether Sisco was disabled as of that date. The ALJ concluded that Sisco was not disabled after proceeding through the five-step sequential analysis provided by 20 C.F.R. § 404.1520(a)(4) (2012). *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–03 (3d Cir. 2019). In the five-step analysis, the "burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security." *Id.* at 201.

The ALJ found that Sisco had three severe impairments: vision impairments, residuals of traumatic brain injury, and traumatic brain injury. The ALJ then determined that none of these impairments met or equaled the severity of a listed impairment, so Sisco was not per se disabled. Next, the ALJ assessed Sisco's residual functional capacity and determined that, during the relevant period, he was able to perform a full range of work, with some exceptions. At the final step, the ALJ found that a significant number of jobs existed in the national economy that Sisco could have performed as of September 2001—specifically, bakery racker, binder machine feeder offbearer, and garment bagger. The ALJ concluded that because "through the date of last insured, considering [Sisco's] age, education, work experience, and residual functional capacity, [he] was capable of

3

making a successful adjustment to other work," a "finding of 'not disabled'" was appropriate. A.R. 22. The Appeals Council denied review.

Sisco then sued the Commissioner, advancing two different arguments against the agency's determination that he was not disabled and thus not eligible for benefits. First, he argued that the ALJ failed to perform the "special technique" required in mental disorder cases. Second, he argued the ALJ's decision was not supported by substantial evidence mainly because the ALJ failed to take unspecified additional evidence. The District Court rejected both arguments.

As to the first argument, the District Court explained that under 20 C.F.R. § 404.1520a(a), the agency was required to use the "special technique" to evaluate the severity of Sisco's alleged mental impairments. Under the special technique, the ALJ first determines whether the claimant has demonstrated "symptoms, signs, and laboratory findings" that substantiate that an alleged mental impairment is medically determinable. 20 C.F.R. § 404.1520a(b) (2018). If the claimant's mental impairment is medically determinable, the ALJ proceeds to rate, on a five-point scale, the degree of functional limitations from the impairment in each of four broad areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. § 404.1520a(c)(3). If the rating in any of the four broad functional areas is more than "none" or "mild," the ALJ will consider whether the mental impairment is a per se disability. § 404.1520a(d)(1). If it is not, the ALJ will proceed to assess the claimant's residual functional capacity. *Id.*

4

The District Court concluded that the ALJ adequately performed the special technique. The ALJ found moderate limitation in the first three of the four broad areas of mental functioning and found mild limitation in the last one. The ALJ then concluded that Sisco's impairments were insufficient to support a finding of per se disability and assessed Sisco's functional limitations resulting from his impairments. All of this was proper under the agency's regulations, the District Court reasoned, so Sisco's first argument was without merit. The District Court rejected Sisco's second argument because, while Sisco may disagree with the ALJ's factual findings, they are supported by substantial evidence and so must be upheld under the applicable standard of review. The District Court entered judgment in favor of the Commissioner.

Sisco timely appealed.

## II

Our review of the ALJ's decision is highly deferential. As the Supreme Court reaffirmed last year, the agency's factual findings are "'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial-evidence threshold "is not high." *Id.* at 1154. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the denial of benefits, "our focus is not so much on the [D]istrict [C]ourt's ruling as it is on the administrative ruling." *Schaal v. Apfel*, 134 F.3d 496, 500–01 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991)).

5

On appeal, the gravamen of Sisco's challenge to the agency's decision is that the ALJ "fail[ed] to take the evidence and perform the testing that is needed in a mental disorder case." Appellant's Br. 5. But Sisco is not clear as to what additional evidence or testing he believes needed to be taken or performed. His brief expresses disagreement with the ALJ's finding that he was not disabled, but it falls well short of demonstrating that any reasonable adjudicator would be compelled to reject that finding. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). "Neither the [D]istrict [C]ourt nor this [C]ourt is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Because we agree with the District Court that the ALJ properly applied the "special technique" and that the ALJ's finding that Sisco was not disabled is supported by substantial evidence, we will uphold the District Court's judgment in favor of the Commissioner.

\* \* \*

For the foregoing reasons, we will affirm the judgment of the District Court.